UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIANCA SUAREZ,

    Plaintiff,

                                        Case No. 13-13802

v.

                                        Hon. John Corbett O'Meara

COVENANT HOUSE OF MICHIGAN,

    Defendant.
_____/

**ORDER DENYING
DEFENDANT'S MOTION TO DISMISS**

Before the court is Defendant's motion to dismiss, which has been fully briefed. Pursuant to L.R. 7.1, the court did not hear oral argument.

**BACKGROUND FACTS**

Plaintiff, Bianca Suarez, filed her complaint on September 6, 2013, alleging that she was terminated from her employment with Covenant House of Michigan in violation of the Americans with Disabilities Act and the Persons with Disabilities Civil Rights Act. Suarez contends that she has a chronic medical condition (severe hypertension causing vision problems), which Covenant House accommodated by changing her job duties to exclude driving. Compl. at ¶¶ 9-10. According to Suarez, her new supervisor, Ilene Bosely, "displayed an attitude of anger toward Suarez primarily because of her work limitation." Id. at ¶ 12.

Suarez alleges that in February and March 2012, she requested time off work to treat with her physicians, including an oncologist. Compl. at ¶ 13. Suarez contends that Bosely terminated her on April 2, 2013, knowing that she had an appointment the next day with an oncologist to determine whether she had breast cancer. According to the complaint, "Bosely manufactured or exaggerated the importance of work incidents or complaints in order to justify Suarez' discipline and eventual termination and in order to replace Suarez with an employee who did not have a chronic illness." Id. at ¶ 21.

## LAW AND ANALYSIS

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Id. at 570. See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009); Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012) ("If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.").

Defendant contends that the complaint should be dismissed because (1) Plaintiff failed to timely file an EEOC charge; and (2) Plaintiff has failed to state a claim under the ADA or PWDCRA. Contrary to Defendant's first argument, Plaintiff has filed a timely charge, within 300 days of her termination. See 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5). Plaintiff alleges in the complaint that she filed a timely charge; in her response brief, she attaches a charge that was date-stamped by the EEOC on January 28, 2013. See Pl.'s Ex. 2. The parties agree that Plaintiff had until January 28, 2013, to file her charge. Although Defendant contends that the charge was not filed until February 11, 2013, Defendant appears to be referencing the EEOC's "Notice of Charge of Discrimination," which informs Defendant of the filing of the charge, not the charge itself. See Def.'s Ex. A (Notice of Charge of Discrimination). Moreover, the EEOC apparently considered Plaintiff's charge to be timely because it did not

dismiss the charge for that reason.  See Def.'s Ex. A (EEOC Dismissal and Notice of Rights).

Defendant also argues that Plaintiff has failed to state a claim under the ADA or PWDCRA.  Essentially, Defendant asserts that Plaintiff has failed to plead each of the elements of a prima facie case of disability discrimination.  Such a heightened pleading standard is not required, however.  See Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002).  In Swierkiewicz, the Supreme Court held that an employment discrimination plaintiff is not required to plead a prima facie case of discrimination in order to survive a motion to dismiss.  The Court explained that "[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." Id. at 510.  See also Keys v. Humana, Inc., 684 F.3d 605, 609-610 (6th Cir. 2012) ("Since *Twombly* and *Iqbal*, we have also recognized the continuing viability of *Swierkiewicz*'s holding.").

Plaintiff's complaint meets the requirements of Rule 8.  She contends that her employer regarded her as disabled, her supervisor was frustrated by her existing physical limitations, she took time off work to treat with her physicians, and her supervisor terminated her knowing that she had an appointment with an oncologist the next day.  Plaintiff also alleges that her supervisor manufactured or exaggerated complaints against her to justify her termination.  According to

Plaintiff, she was replaced by an employee who did not have a chronic illness. These allegations, at this stage of the proceedings, are sufficient to state a plausible claim for disability discrimination.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED.

                                                   s/John Corbett O'Meara  
                                                   United States District Judge

Date:  March 18, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 18, 2014, using the ECF system.

                                                   s/William Barkholz  
                                                   Case Manager